# UNITED STATES JUDICIAL PANEL
on
# MULTIDISTRICT LITIGATION

**IN RE:  CORDARONE (AMIODARONE HYDROCHLORIDE)**
**MARKETING, SALES PRACTICES AND PRODUCTS**
**LIABILITY LITIGATION**                                    MDL No. 2706

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff in an action pending in the Northern District of Alabama (*Cook*) moves under 28 U.S.C. § 1407 to centralize this litigation in the Western District of Texas.  The litigation consists of nine actions pending in seven districts, as listed on the attached Schedule A.[1]

Plaintiffs in three constituent actions and two potential tag-along actions responded in support of centralization in the Western District of Texas.  Defendant Wyeth Pharmaceuticals Inc. (Wyeth) opposes centralization, as do the self-described "Generic Defendants."[2]

On the basis of the papers filed and the hearing session held, we deny the *Cook* plaintiff's motion.  We recognize that these actions share certain factual issues.  These factual issues arise from allegations that plaintiffs or their decedents suffered injury or death as a result of ingesting the prescription medication amiodarone, and that defendants, acting both independently and in concert with others, improperly marketed the drug for off-label uses, including the initial, first-line treatment of atrial fibrillation.  Several considerations, however, fatally undermine the case for centralization.

In 1985, Wyeth brought amiodarone to market in the United States under the brand name Cordarone.  The amiodarone at issue in each of these nine actions, however, is alleged to have been manufactured and distributed by one or more of the Generic Defendants – not by Wyeth.  Indeed, the named defendants vary widely among the cases.[3]  For example, Wyeth, which is now the sole

---

[*] Judge Lewis A. Kaplan and Judge Catherine D. Perry took no part in the decision of this matter.

[1] The Panel has been informed of five additional related federal actions.

[2] These defendants are Zydus Pharmaceuticals (USA), Inc. (Zydus), Par Pharmaceutical Companies, Inc. (Par), Sandoz Inc. (Sandoz), Eon Labs, Inc. (Eon), Teva Pharmaceuticals, Inc. (Teva), and Barr Laboratories, Inc. (Barr).

[3] *See, e.g., In re: Ambulatory Pain Pump-Chondrolysis Prods. Liab. Litig.*, 709 F. Supp. 2d 1375 (J.P.M.L. 2010) (denying centralization of 102 actions, in part because most, if not all, defendants were named "in only a minority of actions," and several were sued in "but a handful");

-2-

remaining defendant in one of the two Northern District of Alabama actions (*Allain*), is not sued in either of the two constituent Western District of Texas actions or the Eastern District of Kentucky action.[4]  The only defendant in the Texas actions is Sandoz, and the only defendant in the Kentucky action is Zydus, which is sued in a total of only three constituent actions.  Par, Teva, and Barr are sued in only one constituent action each.[5]  Given the different defendants sued in these actions,[6] centralization appears unlikely to serve the convenience of a substantial number of parties and their witnesses.

The variance in named defendants virtually ensures that a significant amount of the discovery will be defendant-specific, as do plaintiffs' allegations themselves.  With respect to plaintiffs' off-label marketing allegations, for example, the record shows that Wyeth lost patent protection for amiodarone in 1998.  Accordingly, any discovery into the drug's marketing up until that time will be largely, and likely exclusively, focused on Wyeth,[7] as will discovery into the first dozen-plus years of the drug's regulatory history.

Plaintiffs also allege that they or their decedents did not receive an FDA-required Medication Guide with their amiodarone prescriptions.  The very nature of these allegations appears to mandate a unique inquiry, given that the subject drug was manufactured by one of several of the Generic Defendants and dispensed at different times and at different locations.[8]  The necessity for such individualized inquiries suggests that centralization would not achieve significant efficiencies generally.

---

*In re: Table Saw Prods. Liab. Litig.*, 641 F. Supp. 2d 1384, 1385 (J.P.M.L. 2009) (denying centralization of 42 actions, where, inter alia, no defendant was sued in all actions, and several entities were named in, at most, two or three).

[4]  On May 4, 2016, plaintiff in the Eastern District of Kentucky action voluntarily dismissed her claims against Wyeth with prejudice.

[5]  Par, Teva, Barr, and Sandoz also initially were sued in the Western District of Wisconsin action, but all have been voluntarily dismissed from that action.

[6]  The potential tag-along actions involve still more defendants.  For example, one of the two tag-alongs in the District of South Carolina is brought against Upsher-Smith Pharmaceuticals, Inc., and Taro Pharmaceuticals USA, Inc., neither of which presently is sued in any of the constituent actions.

[7]  Wyeth represents that it ceased actively marketing Cordarone in the late 1990s.

[8]  For example, the Northern District of Alabama *Cook* plaintiff alleges that her decedent, an Alabama resident, first was prescribed amiodarone, manufactured by Par, in January 2008.  By contrast, in Northern District of California *Collette*, the plaintiff, a California resident, alleges first ingesting amiodarone, which was not manufactured by Par, in January 2012.

-3-

The limited number of involved counsel further weighs against centralization.[9]  Most plaintiffs in the constituent actions are represented by either or both of two law firms.  And counsel for Wyeth and the Generic Defendants have represented that they stand ready and willing to cooperate and coordinate to avoid  unnecessary duplication of discovery and other pretrial matters.  Especially given the significant differences among these actions, we conclude that such cooperation and coordination are preferable to the creation of an MDL.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor

---

[9]  *See, e.g., In re: HealthExtras Ins. Mktg. & Sales Practices Litig.*, 24 F. Supp. 3d 1376, 1377 (J.P.M.L. 2014) (denying centralization of six actions pending in six districts (three tag-alongs), in part because all plaintiffs were represented by the same two law firms).

IN RE:   CORDARONE (AMIODARONE HYDROCHLORIDE)
MARKETING, SALES PRACTICES AND PRODUCTS
LIABILITY LITIGATION                                                    MDL No. 2706

## SCHEDULE A

### Northern District of Alabama

ALLAIN v. WYETH-AYERST LABORATORIES, INC., ET AL., C.A. No. 2:14-00280
COOK v. WYETH PHARMACEUTICALS, INC., ET AL., C.A. No. 2:15-00529

### Northern District of California

COLLETTE v. WYETH PHARMACEUTICALS, INC., ET AL., C.A. No. 3:16-01034

### Northern District of Illinois

HERNANDEZ v. WYETH-AYERST LABORATORIES, INC., ET AL.,
          C.A. No. 1:15-11176

### Eastern District of Kentucky

MOORE v. WYETH-AYERST LABORATORIES, INC., ET AL., C.A. No. 3:16-00017

### Eastern District of North Carolina

PERDUE v. WYETH PHARMACEUTICALS, INC., ET AL., C.A. No. 4:15:00208

### Western District of Texas

RUSK v. NOVARTIS PHARMACEUTICALS CORPORATION, ET AL.,
          C.A. No. 1:14-00549
PRIEST v. SANDOZ INC., C.A. No. 1:15-00822

### Western District of Wisconsin

MARVIN v. SANDOZ INCORPORATED, ET AL., C.A. No. 3:15-00749